FILED'09 MAR 03 14:57 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK DEWAYNE PORTER,

              Plaintiff,          Civil No. 07-0605-CL

              v.                REPORT AND
                                    RECOMMENDATION

JEAN HILL, et al.,

              Defendants.

CLARKE, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon
Department of Corrections housed at the Snake River
Correctional Institution, filed a complaint under 42 U.S.C. §
1983, alleging that defendants violated his constitutional
rights by opening his legal mail. Although plaintiff generally
alleges multiple violations, he has not specifically pleaded
when and how many times that properly marked legal mail was
opened outside his presence.

     Defendants now move for summary judgment (#38).

1 - REPORT AND RECOMMENDATION

The record reflects that on January 11, 2006, plaintiff filed a grievance [Grievance #2006.01.043] claiming that on January 10, 2006, he received legal mail from an attorney that the Mail Processing Center Staff (MPCS) opened outside his presence. Affidavit of Kathy Stevens (#42) p. 2; see also, Affidavit of Teresa Hicks (#41) p. 3-4.

After plaintiff  filed the grievance, Kathy Stevens, the mail room supervisor, reviewed plaintiff's mail history and determined that plaintiff had received numerous letters from legal entities without the mail being marked with the "legal mail" indicator. See, Affidavit of Kathy Stevens (#42) p. 2 - 3.  Ms. Stevens advised plaintiff that mail without the legal mail indicator would be opened and inspected outside his presence.  Id.

 Ms. Stevens requested that plaintiff contact her if he had further concerns about the MPCS's handling of his legal mail, but plaintiff did not contact Ms. Stevens with any details about the mail in question and did not file an appeal to the grievance response.  Id.

On April 27, 2006, plaintiff filed a grievance [Grievance # 2006.05.031]  claiming that mail clearly marked "Legal Mail Open in presence of the Inmate"  was opened outside his

2 - REPORT AND RECOMMENDATION

presence.  Affidavit of Kathy Stevens (#42) p. 3-4; see also,
Affidavit of Teresa Hicks (#41) p. 4-5.

Ms. Steven's investigation determined that MPCS had made
a note about a piece of mail plaintiff had received from the
ACLU, but that it was "not marked legal mail."  Ms. Stevens
asked plaintiff to provide her with a copy of the front of the
envelope in order to determine whether an error had been made
in processing the mail, but plaintiff did not contact her with
any details about the mail in question and did not file an
appeal to the grievance response.  Id.

On October 16, 2006, plaintiff filed a grievance
[Grievance # 2006.10.020] stating that his legal mail had been
opened outside of his presence. Affidavit of William S. Doman
(#43) p. 2; see also, Affidavit of Teresa Hicks (#41) p. 5-6.

An investigation determined that plaintiff had received
an envelope from Elizabeth Alexander, Attorney, Civil
Liberties Union Foundation, on April 26, 2006, which was
marked by the sender "Legal Mail - Open in Presence of
Inmate."  The letter had a sticker on the back stating "Letter
not marked Legal" and had been opened outside of plaintiff's
presence prior to delivery.  Id.

In a response to plaintiff's grievance, Mr. Doman

3 - REPORT AND RECOMMENDATION

apologized to plaintiff and explained that MPC staff processes approximately 3000 pieces of mail daily, and that "[u]nfortunately, errors are made."  Mr. Doman informed plaintiff that "the issue would be addressed with MPC staff," and that staff would be requested to  "be more diligent in their efforts with regards to legal mail."  Affidavit of William Doman (#43) p. 3, and Attachment 2, p. 7.  Plaintiff did not file an appeal to Mr. Doman's response.  Affidavit of Teresa Hicks (#41), p. 6.

Plaintiff filed other grievances concerning his mail issues that were either rejected or otherwise not processed as follows:

On August 24, 2006, plaintiff filed a grievance complaining that his legal mail had been opened.  Affidavit of Teresa Hicks (#41) p. 6.  The grievance was assigned Grievance No. RET2006.08.011.  This grievance was returned to plaintiff on the ground that it was too vague.  Plaintiff was advised to "add in these [specified] details and resubmit."  Id. Attachment 10, p. 2.

On September 7, 2006, plaintiff filed a grievance (dated September 5, 2006) about his legal mail. The grievance was

4 - REPORT AND RECOMMENDATION

assigned Grievance No. RES2006.09.004.[1] Affidavit of Teresa Hicks (#41) p. 6.

Grievance No. RES2006.09.004 was returned to plaintiff because Mrs. Campbell of the Superintendent's Office was to meet with plaintiff personally  on the issue raised in his grievance.  Id., Attachment 11, p. 2.

On July 21, 2006, plaintiff filed a grievance (dated July 19, 2006) related to the response to a prior grievance. This grievance was assigned Grievance No. 2006.07.020REJ and was returned to plaintiff on the ground that an inmate may not grieve a grievance response.  Affidavit of Teresa Hicks (#41) p. 7, and Attachment 12.

The affidavit of Teresa Hicks states that none of the grievances filed by plaintiff (discussed above) were filed against the defendants named in this action.  Affidavit of Teresa Hicks (#41) p. 7.

The Prison Litigation Reform Act (PLRA) provides:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by

---

[1]Given the proximity of the dates, it is likely that this grievance was a re-submission of the Grievance No. RET2006.08.011 which had been returned to plaintiff on the grounds that it was too vague.

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a); <u>Porter v. Nussle</u>, 534U.S. 516, 531-32; <u>Booth v. Churner</u>, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust all grievance remedies prior to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003); <u>Bennet v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Oregon Department of Corrections has a grievance system to address inmate complaints. <u>See</u>, Affidavit of Teresa Hicks (#41), Attachment 2 (OAR 291-109-0100-0140).

As set forth above, plaintiff filed numerous grievances concerning the processing of his mail. Grievances No. RET2006.08.011, No. RES2006.09.004, and No. 2006.07.020REJ were returned to plaintiff because they did not comply with grievance rules.

Plaintiff received responses to Grievances No. 2006.01.043, No. 2006.05.031, and No. 2006.10.020. However, plaintiff did not appeal the responses to these grievances to the second or third levels of the grievance process available

6 - REPORT AND RECOMMENDATION

to him and therefore did not exhaust his remedies with respect to those grievances.

In some circumstances, if the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. See, Waytt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). However, if as here, administrative remedies are no longer available to a prisoner, dismissal on the merits is proper. See, Woodford v. Ngo, 126 S.Ct. 2378 (2006).

Assuming *arguendo* that plaintiff could establish exhaustion of remedies or some exception to the exhaustion requirement,[2] I find that defendants are entitled to judgment as a matter of law on the merits of plaintiff's claims.

The rules concerning inmates' legal mail are contained in OAR 291-131-0005 *et seq*. The rules provide that all inmate mail is subject to inspection, but mail clearly marked "legal mail" or "official mail" is opened and examined for contraband in the inmate's presence. Legal mail is defined as "incoming

---

[2]Plaintiff seems to argue that the responses to his grievances that requested further information did not constitute "responses," and implies that he could not exhaust his remedies because defendants did not properly process his grievances. See, Affidavit in Support of Plaintiff's Opposition (#47).

7 - REPORT AND RECOMMENDATION

or outgoing mail to or from an attorney, court, or court official, which is clearly worded 'legal mail.'" OAR 291-131-0010(13). Official mail is defined as "incoming or outgoing mail [to or from] officials of the confining authority, the Governor [and other executive and legislative personnel], and members of the paroling authority, which is clearly worded 'official mail.'" OAR 291-131-0010(17). Legal or official mail is not read or photocopied, unless directed by the Department of Corrections facility functional unit manager or designee and approved by the Assistant Director of Institutions or, in specific circumstances the Inspector General. OAR 291-131-0030(103). These rules are consistent with the constitutional requirements of the First Amendment. See, Wolff v. McDonnell, 418 U.S. 539 (1974), Sherman v. MacDougal, 656 F.2d 527 (9th Cir. 1981); see also, Keenan v. Hall, 83 F.3d 1083 (9th Cir. 1996).

As discussed above, Kathy Stevens and William Doman investigated plaintiff's mail handling grievances, and found that the majority of plaintiff's complaints were unfounded. Plaintiff was requested to provide Ms. Stevens with details and/or evidence of his complaints but did not respond.

Defendants acknowledge one instance of a letter

8 - REPORT AND RECOMMENDATION

designated as "legal mail" being inadvertently opened outside of plaintiff's presence.[3]

Plaintiff alleges that the opening of his mail was the result of "*negligence*" and that it violated his rights under the First, Fourth and Eighth Amendments. See, Amended Complaint (#7), p. 3 - 4.  It is well settled that lack of due care, or negligence, is not a proper basis for 42 U.S.C. § 1983 liability.  Daniels v. Williams 106 S.Ct. 662 (1986); Davidson v. Cannon, 106 S.Ct. 668 (1986) (negligent denial of due process not actionable under section 1983);  Wood v. Housewright, 990 F.2d 1332, 1334 (9th Cir. 1990) (mere negligence insufficient to state a claim under the Eighth Amendment);  Lewis v. Casey, 116 S.Ct. 2174 (1996) (mere negligence insufficient to establish a First Amendment claim of denial of access to the courts).

The isolated breach of mail handling rules is ordinarily attributable to negligence.  Therefore,  courts that have considered the question have concluded that such breaches are not actionable under 42 U.S.C. § 1983.    See, Demerson

---

[3]Defendants contend that "[t]he letter was returned to (plaintiff) without having been read."  Memorandum in Support (#39), p. 2.

v.Prunty, 65 F.3d 174, 1995 WL 499449 (C.A. 9 (Cal))
(negligent mishandling of mail not actionable)[unpublished
opinion]; Richard v. McDonnell, 841 F.2d 120 (5th Cir. 1988)
(negligent loss of mail not actionable);              Laaman   v.
Handcock,351 F. Supp 1265, 1269 (D.N.H. 1972) (isolated
incident of opening legal mail not actionable).

    Plaintiff argues that there were two items of legal mail
that were improperly opened - not one as acknowledged by
defendants. See, Plaintiff's Opposition to Defendants' CSMF
(#46) paragraph 4. ["my legal mail was opened outside of my
presence not only once, but a couple of times ... [t]he first
envelope was April 26, 2006, and the next envelope was August
23, 2006, both from the same attorney."];      See also,
Plaintiff's Affidavit in Support (#47) exhibits 1 and 2.

    Even if there were two letters opened in violation of the
rules pertaining to legal mail, there is nothing in the record
to indicate that such openings were anything but the result of
ordinary negligence which does not rise to the level of a
constitutional violation.

    Based on all of the foregoing, I find that there are no
genuine issues of material facts remaining in this case and
that defendants are entitled to judgment as a matter of law.

10 - REPORT AND RECOMMENDATION

Plaintiff failed to exhaust his administrative remedies with respect to his claims and can no longer do so. Accordingly, his claims are barred.

Moreover, defendants' exhibits establish that with the exception of one specific incident, mail room staff complied with the [constitutional] Oregon Administrative Rules governing the handling of inmates' legal mail. Defendants acknowledge that in one instance, mail room staff inadvertently opened a letter that was properly indicated "legal mail." Plaintiff's exhibits suggest that two separate incidents of improper opening of legal mail may have occurred. However, for the reasons discussed above, a single incident - or even two isolated incidents - of negligent opening of legal mail is insufficient to establish a violation of plaintiff rights actionable under 42 U.S.C. § 1983.

To the extent that plaintiff may state a claim under the Oregon Constitution,[4] I find that there are no extraordinary circumstances that would justify this court retaining jurisdiction over such claims after the dismissal of the

---

[4]Plaintiff alleges that defendants violated his rights under "Article One of Oregon Constitution, section 26, section 33" and "section 9." Amended Complaint (#7) p. 3-4.

11 - REPORT AND RECOMMENDATION

federal claims. <u>See</u>, 28 U.S.C. § 1367(c)(3); <u>Wren v. Sletten Const. Co.</u>, 654 F.2d 529, 536 (9 <sup>th</sup> Cir. 1991); <u>Wentzka v. Gellman</u>, 991 F.2d 423, 425 (7th Cir. 1993); <u>see also</u>, <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 993-994 (9th Cir. 1991); <u>Brady v. Brown</u>, 51 F.3d 810 (9th Cir. 1995). Accordingly, plaintiff's possible supplemental state claims, should be dismissed.

Defendants' Motion for Summary Judgment (#38) should be allowed. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

12 - REPORT AND RECOMMENDATION

judgment    entered    pursuant    to    the    Magistrate    Judge's

recommendation.

     DATED this ___ day of March, 2009.

_____
Mark D. Clarke
United States Magistrate Judge

13 - REPORT AND RECOMMENDATION